{¶ 18} Appellant sought to intervene in this action with the goal of acquiring visitation rights with the minor child. At first glance, this request appears to extend beyond the traditional concept of familial visitation rights. Nevertheless, I agree with the principal opinion that the issue in the case sub judice falls under the Ohio General Assembly's more expansive view of the *Page 9 
potential number of people who should, in certain situations and in the best interest of the child, be awarded visitation rights with a minor child. This expanded view appears to take into account the evolving and fragmented family structure. Sometimes a situation may arise when a child's best interest may not neatly align with the child's family tree. Courts, therefore, may examine a child's personal situation and fashion visitation orders that truly comport with the child's best interest. I hasten to add, however, that simply because appellant should be permitted to intervene in this matter, our decision today should not be construed as a comment on the merits of the underlying action. Whether the trial court should, in fact, award appellant visitation rights with the minor child is a matter that the court must fully examine and determine under the appropriate standard. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion with Concurring Opinion. Harsha, J.: Not Participating. *Page 1